HYGIENIC FLEECED UNDERWEAR CO. v. WAY.

(Circuit Court of Appeals, Third Circuit. May 10, 1905.)

No. 6.

1. UNFAIR COMPETITION—INDIVIDUAL NAME—RIGHT TO USE.

Defendant Way, while manager of a knitting company, invented a muffler, which he patented. He permitted a corporation to manufacture and sell the article under the name "Way's Mufflet," without objection, during his connection therewith, until the goods became well known in the market under the name "Way" or "Way's"; whereupon, not having sold his patent, defendant severed his connection with the company, and himself began manufacturing and selling the article under the name "Way's Muffler." *Held*, that both the successor of the corporation and defendant were entitled to use the name "Way" or "Way's" in the manufacture and sale of such muffler, provided that such words were used in connection with others clearly indicating the manufacturer of the particular article.

[Ed. Note.—Unfair competition, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.]

2. SAME—PATENTS—OWNERSHIP.

Where both complainant and defendant were entitled to use the name "Way" or "Way's" in connection with a patented muffler, but defendant was the owner of the patent, the use of the words "manufactured and owned by Hygienic Fleeced Underwear Co. Inc. Phila.," in connection with such words, by complainant, was objectionable as including the words "and owned," as they indicated that complainant alone had the right to make and sell goods of the kind to which they related.

3. SAME—TRADE-MARK—DESCRIPTIVE NAME.

A manufacturer of neck scarfs could not acquire a trade-mark in the word "muffler," so as to preclude the use of the word "mufflet" by another, such words being merely descriptive of the article.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trade-Marks and Trade-Names, § 6.

Arbitrary, descriptive, or fictitious character of trade-marks and trade-names, see note to Searle & Hereth Co. v. Warner, 50 C. C. A. 323.]

4. SAME—"PATENTED."

Where defendant, while in the employ of complainant's predecessor, invented and patented a neck scarf, and complainant thereby acquired an implied license to manufacture and sell the same, but defendant never transferred the patent, complainant had no right to use the word "patented" on neck scarfs manufactured by it.

5. SAME—PACKAGES—SIMULATION.

Defendant, immediately after beginning the manufacture of patented neck scarfs, adopted a new and characteristic top for the pasteboard boxes used by him, consisting of a white ground, on which were printed in dark blue ink several figures of men and women wearing the muffler, indicated by a dotted line pointing to it directly, with the words, "There it is." The lid also contained the words, printed in blue ink: "A per-

fect chest and throat protector. Don't go over your head. Way's Muffler. For men, women and children. As easily put on as your hat. A sure guarantee against colds." Some of such words and figures had been previously used by complainant's successor, but the combination was wholly new; after which complainant began using a similar lid, printed ·in a slightly lighter shade of blue, but almost identical in appearance, showing the muffler on figures, with the dotted line, and the phrase, "That's it," the other words being: "Way's Mufflet. Don't go over your head. Way's Mufflet. For men, women and children. As easily put on as your hat. Way's Mufflet." *Held,* that the differences in complainant's package were insufficient to avoid confusion, and that the use of such package constituted unlawful competition.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trade-Marks and Trade-Names, § 81.]

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

For opinion below, see 133 Fed. 245.

Hector T. Fenton and Wm. P. Preble, Jr., for appellant.
Henry N. Paul, Jr., and Joseph C. Fraley, for appellee.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

DALLAS, Circuit Judge. This case was decided below upon bill and cross-bill, the other pleadings, and the proofs. · Each party charged the other with unfair competition in trade and with wrongfully using certain trade-marks or trade-names. These charges only are now to be dealt with. No question respecting either the validity or infringement of the patent hereafter mentioned is for present consideration. The appellant was complainant in the original bill. The decree appealed from dismissed that bill, and specifically ordered as follows:

"(2) That the said Hygienic Fleeced Underwear Company, its servants, attorneys, agents, and workmen, be perpetually enjoined and restrained from using the word 'Way' or the word 'Way's' in any manner in connection with its goods; and, further, from marking the goods referred to in the cross-bill with the word 'patented' as of the date of the patent of John Howard Way, or from marking said goods as 'Patented'; and, further,' from asserting or indicating that it has any ownership in the patent of the said John Howard Way, relating to said goods, or any proprietary interest therein or license thereunder; and, further, from using the box lid which it has heretofore used and which is similar to the box lid used by the said John Howard Way; and, further, from imitating in any manner the trade dress or package or other advertising matter of the said John Howard Way, or the Way Muffler Company, in such manner as may be likely to deceive the public, or mislead it into the belief that the goods are of the manufacture of the said John Howard Way, or the said Way Muffler Company, or that the business of the Hygienic Fleeced Underwear Company is in any way connected with the business of the said John Howard Way or the said Way Muffler Company."

This decree, though in part correct, was in some respects erroneous. The bill of the Hygienic Company should not have been dismissed, and it should not have been restrained from using the word "Way" or the word "Way's," although it should have been required to. connect therewith a clear, and otherwise unobjectionable specification of that company as the manufacturer of the goods. J. Howard Way should have been enjoined from marking the gar-

ments produced by him with the words "Way's Muffler," without, in connection therewith, clearly designating said J. Howard Way as the manufacturer thereof. On the other hand, the Hygienic Company was properly enjoined from using the word "Patented," and from using a box lid similar to that of John Howard Way.

That, generally, no person has a right to attach to his goods the surname of another dealer in similar goods of course must be conceded. But such a right is not incapable of acquisition, and the record before us shows that the right to use the word "Way" or "Way's," as claimed by the Hygienic Company, was lawfully acquired by it. On November 16, 1897, a patent was issued to John Howard Way for "a chest and neck protector." He was at that time and prior thereto the manager of the Way Manufacturing Company, whose inclusion of his name in its corporate title was approved, and perhaps suggested, by him. Under the license implied from the fact that he had made the invention while in its employ, and with his assent, the Way Manufacturing Company put the patented article on the market, marked "Way's Mufflet, patented Nov. 16; 1897." Hence it appears that the use of the words "Way" and "Way's" by the Way Manufacturing Company, in association with the garment in question, was fully authorized; and that its right to so use them devolved upon the Hygienic Company, as the assignee and successor of the Way Manufacturing Company, is indubitable. The contention that the "meaning" of the word "Way's" "was to indicate that the article was invented by, patented to, and therefore owned by, J. Howard Way," cannot be sustained. Mr. Way testified that the word "Way" was adopted as part of the corporate name of the Way Manufacturing Company, because it was "manufacturing goods which the word 'Way' had been associated with, and had gained a reputation which they wished to continue," and we have not been convinced that when the same word was used in its possessive form it was intended to have a different significance. Even in that form it signified to the public, not that the article was patented to and was owned by J. Howard Way, but that the goods with which it was associated were those known as "Way's" and which "had gained a reputation." For this purpose, then, but not for the purpose of indicating ownership of the patent, the Hygienic Company has the right to use both "Way" and "Way's," but only in connection with a clear specification that the article to which it applies either of those words is the product of that company. This condition it has complied with, though not quite satisfactorily, by marking the articles which it produces: "* * * Manufactured and owned by Hygienic Fleeced Underwear Co. Inc. Phila." The objection to this phrase is that the words "and owned," as they occur in it, may be taken to mean that the Hygienic Company alone has the right to make and sell goods of the kind to which it is related, and for this reason those words should be eliminated. In other respects the statement is unexceptionable, and is an adequate one.

J. Howard Way, as well as the Hygienic Company, has a right to use the word "Way" or "Way's." In holding that the latter is

entitled to use them, we have already pointed out that (with Mr. Way's assent) they had been employed and were recognized by the trade as indicative of the character of the goods, and not, necessarily, of the identity of their maker. Therefore, the Hygienic Company, while it is at liberty to use them, has no repressive title to them. They may be rightfully employed by each party. But Mr. Way, like the Hygienic Company, should be required to connect them with a clear specification that the article to which he applies either of them is his product, and not that of his competitor. The reason upon which the imposition of this requirement rests is applicable to both of these parties. Singer Mfg. Co. v. June, 163 U. S. 169, 16 Sup. Ct. 1002, 41 L. Ed. 118.

The name "mufflet" belongs solely to the Hygienic Company. It is its trade-mark. But, in our opinion, the word "mufflet" is not, under the trade-mark law, preclusive of the word "muffler." That the proprietor of a valid trade-mark is entitled to protection against its simulation by any colorable, though not exact, imitation of it, is undoubtedly true, and the close similarity of the word "muffler" to the word "mufflet" is apparent. Yet it has been well settled that no one can acquire the exclusive right to call any article by a common name which appropriately designates it; and "Muffler—anything used to muffle or wrap up" (Cent. Dict.)—is an ordinary English word, which fitly denominates the article here in question. Therefore, the Hygienic Company could not, if it had assumed to appropriate that precise word, have prevented its use by others, and what it could not have directly accomplished it cannot indirectly achieve. Where two persons are engaged in selling like goods, there is no way by which either of them can acquire the exclusive privilege to aptly designate and describe them. Bickmore Co. v. Karns (C. C. A.) 134 Fed. 833; Heide v. Wallace (C. C. A.) 135 Fed. 346.

That the Hygienic Company was properly enjoined from using the word "Patented" is plain. It has no interest in the patent which was issued to John Howard Way, nor any license under it.

That part of the decree which enjoined the Hygienic Company "from using the box lid which it has heretofore used, and which is similar to the box lid used by the said John Howard Way," was fully justified by the facts, which the court below correctly stated as follows:

"In September, 1899, immediately after starting in business for himself, the defendant adopted a new and characteristic top, or lid, for the pasteboard boxes used by him. The ground was white, and upon it were printed in dark blue ink several figures of men and women wearing the muffler, which is indicated by a dotted line pointing to it directly, and by the words 'There it is.' The other words on the lid, which were also printed in blue ink, are as follows: 'A perfect chest and throat protector. Don't go over your head. Way's Muffler. For men, women and children. As easily put on as your hat. A sure guarantee against colds.' Some of these words and figures had been previously used by the Way Manufacturing Company in its placards and other advertising devices, but the combination is wholly new. After the defendant adopted this lid, the Hygienic Fleeced Underwear Company began to use a lid, also a white ground, printed in a slightly lighter shade of blue, but almost identical in appearance. The figures differ somewhat, but each shows the muffler, and several have the dotted line, and the phrase, 'That's

it.' The other words on the lid are these: 'Way's Mufflet. Don't go over your head. Way's Mufflet. For men, women and children. As easily put on as your hat. Way's Mufflet.' There are some differences, as will be observed, but the two lids are so much alike that without careful inspection one might easily be taken for the other."

The decree of the Circuit Court is reversed, and the cause will be remanded to that court, with direction to enter a decree (without costs to either party) perpetually enjoining J. Howard Way, his agents, servants, and representatives, from marking garments manufactured by him with the words "Way's Muffler" without clearly and unmistakably specifying in connection therewith that such garments are the product of said John Howard Way; and perpetually enjoining the Hygienic Fleeced Underwear Company, its agents, servants, and representatives, from marking garments manufactured by it with the word "Way" or the word "Way's," without omitting the words "and owned" from its otherwise sufficient specification that the garments are the product of that company; and from marking the goods referred to in the cross-bill with the word "Patented," as of the date of the patent issued to John Howard Way, or from marking said goods as "Patented"; and, further, from using the box lid which it has heretofore used, and which is similar to the box lid used by said John Howard Way, or from imitating in any manner the trade dress or package of the said John Howard Way in such manner as would be likely to deceive the public or mislead it into the belief that the goods are of the manufacture of said John Howard Way.

It is further ordered that all the costs upon this appeal shall be equally divided, and that each party shall pay one-half thereof.