ROWLEY v. J. F. ROWLEY CO.

(Circuit Court of Appeals, Third Circuit. May 1, 1908.)

No. 44.

1. TRADE-NAMES—USE OF NAME—FRAUD.

While every man is entitled to use his own name in connection with his business, equity will not permit its use in such a manner as to perpetrate a fraud.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trade-Marks and Trade-Names, § 84.]

2. SAME—INJUNCTION—SCOPE OF RELIEF—EXPLANATORY DESCRIPTION.

Complainant's president, having built up a business in the manufacture of artificial legs under his own name, which were widely known as "Rowley" legs, transferred his business and good will to complainant. after which defendant, whose name was also Rowley, embarked in the same business, and advertised himself as manufacturing "Rowley" artificial legs. *Held*, that an injunction restraining defendant from any use of the name "Rowley" in the manufacture of artificial limbs was too broad, and should have been limited to the use of the name without some explanation which would prevent deception.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trade-Marks and Trade-Names, § 84.]

Appeal from the Circuit Court of the United States for the Western District of Pennsylvania.

For opinion below, see 154 Fed. 744.

John H. Roney, for appellant.

Frank Ewing, for appellee.

Before MOODY, Associate Justice of the Supreme Court, and DALLAS and GRAY, Circuit Judges.

DALLAS, Circuit Judge. The appellee was complainant and the appellant was respondent in a suit in equity to restrain unfair competition in the manufacture and sale of artificial legs. The case was heard upon pleadings and proofs, and thereupon the decree now appealed from was entered, as follows:

"And now, November 13, 1907, this cause came on to be heard and was argued by counsel, and thereupon, upon consideration thereof, it is ordered, adjudged, and decreed that a perpetual injunction be granted in this cause against the said defendant, his agent, employés, servants, or by any one acting in his behalf, restraining him and them from making and selling any artificial limbs in imitation of the goods made and sold by the plaintiff in which the dress, covering, or appearance is such that it would likely deceive the public or prospective purchasers, from using as samples in selling goods any of the plaintiff's make of goods or any goods so made in imitation of plaintiff's goods as would deceive the public or prospective purchasers; from mailing letters or circulars such as would deceive the ordinary purchasers into believing that the defendant's goods were the plaintiff's goods; from the use of the name 'Rowley' with or without initials in any manner whatsoever in the manufacture or sale of artificial limbs, or doing any other thing whatsoever that would tend to confuse the general public or prospective purchasers into believing that the goods made or sold by the defendant were the goods of the plaintiff. * * *"

When the cause came on for argument here, the appellant's counsel withdrew all objections to this decree other than that (as averred) there

was error in its award of an injunction restraining the defendant "from the use of the name 'Rowley,' with or without initials, in any manner whatsoever, in the manufacture or sale of artificial limbs"; and the validity of this single objection is the only matter now for determination.

The right of every man to his name is indisputable, though equity will not permit its use in such manner as to compass a fraud. No one, it is true, should be allowed so to employ it as to convey to the public the notion that his goods are the goods of another; but in completely depriving this appellant of the use of his own name we think the court below went too far. The rights of the two parties ought to have been reconciled by allowing the use but requiring it to be accompanied by an explanation which would avoid deception, "so as to give the antidote with the bane." Herring-Hall-Marvin Safe Co. v. Hall's Safe Co. et al., 28 Sup. Ct. 350, 52 L. Ed. ——. The defendant below has a right to carry on the business of manufacturing artificial limbs in his own name, and, though the abuse of that right must be prevented, its exercise should not be absolutely prohibited. Croft v. Day, 7 Beav. 84. We are not unconscious of the difficulty there may be in prescribing the precise terms of the explanation which, in view of all the circumstances, should be attached to the appellant's use of the name "Rowley," but it is a difficulty that, in the first instance at least, can best be dealt with (after a further hearing, if desired) by the court below; and the solution of which may be aided, we think, by consideration of the cases of Singer Mfg. Co. v. June Mfg. Co., 163 U. S. 169, 16 Sup. Ct. 1002, 41 L. Ed. 118, Hygienic Fleeced Underwear Co. v. Way, 137 Fed. 592, 70 C. C. A. 553, and especially Herring-Hall-Marvin Safe Co. v. Hall's Safe Co., supra.

Solely upon the ground that there was error in restraining the appellant from using his own name "in any manner whatsoever," instead of "allowing the use, provided that an explanation is attached," the decree of the Circuit Court is reversed, and the cause will be remanded to that court for further proceedings to be there taken in accordance with this opinion.