### COMMERCIAL ACETYLENE CO. et al. v. WIDRIG et al.

(Circuit Court, E. D. Michigan, S. D. June 9, 1910.)

#### No. 4,046.

PATENTS (§ 328*)—INFRINGEMENT—ACETYLENE GAS TANKS.

    The Claude & Hess patent, No. 664,383, for an acetylene gas tank, covers as the patented package the tank charged with acetylene gas, and one who recharges such tanks in violation of a notice thereon stating that they are licensed for use only when filled by the seller, and with full knowledge of such contract, is an infringer of the patent.

In Equity. Suit by the Commercial Acetylene Company and the Prest-O-Lite Company against Arthur S. Widrig and Perry G. Robinson. On motion for preliminary injunction. Motion granted.

Jno. P. Bartlett, Winter & Winter, and J. J. Gafill, Jr., for complainants.

Jno. Faust, for defendants.

DENISON, District Judge. This is a motion for preliminary injunction (under patent No. 664,383) to prevent defendants from refilling the "Prest-O-Lite" tanks, now in common use upon automobiles for supplying acetylene gas to the burners.

The general legal principles involved are settled, as to one branch of the case, by the Morgan Envelope Case, 152 U. S. 425, 14 Sup. Ct. 627, 38 L. Ed. 500, and the familiar line of cases applying that rule, and as to another branch of the case, so far as the Sixth circuit is concerned, by the two button-fastener cases (Heaton-Peninsular Company v. Eureka, 77 Fed. 288, 25 C. C. A. 267, 35 L. R. A. 728, and Elliott v. Rupp, 131 Fed. 730). These principles have been applied to the patent here involved, and to somewhat similar circumstances, by Judge Quarles in Commercial Acetylene Company v. Avery, 166 Fed. 907, and in Commercial Acetylene Company v. Auto-Lux Company, 181 Fed. 387.

If the only question involved were whether an outright purchaser of one of these tanks infringed the patent by recharging it with acetylene gas, I should hesitate, except for the effect of Judge Quarles' opinion, to direct a preliminary injunction. The tanks, fully charged, are sold by complainants for about $16, and are recharged for $2. The gas which is contained in them is thus evidently only a small fraction of their total value. They are mere containers for the gas. They are sold for the very purpose of having the contained gas used, and if no contract was involved in each case, except the ordinary contract of sale, there would be strong reasons for urging that such sale implied

---

the right to continue to use in the only possible manner, viz., by recharging.

On the other branch of the case, I have no doubt whatever. The special contract, by which the otherwise general sale becomes restricted and constitutes a conditional license, is sufficiently made out by the plates attached to the devices, and by the general and well-known system which has been in use now for three years. It may be that an individual purchaser, who did not notice the plate, and who supposed that he was buying an unrestricted title, might so excuse his oversight that he would have a special and individual right to disregard the restriction; but no such fact appears here. The defendants have been themselves for a long time fully advised of the system, and they do not represent any tank purchaser with this special equity.

It is urged that acetylene gas is a staple commodity, and that, therefore, no monopoly in its sale should be permitted to be indirectly accomplished; and reference is made to arguments of this character in one or two recent opinions. I doubt whether acetylene gas is sufficiently a mere commodity to have the benefit of this rule in any case; but I regard the controlling question as one of intent, and in this case the intent to add the acetylene, to make up the complete patented combination, is perfectly clear. Where the article sold is staple, it has so many lawful uses that perhaps sometimes no presumption can be drawn or permitted of an intent to use unlawfully; but here no such presumption is necessary. The fact appears.

As to the tanks which do not bear the restricting plate, and which are, therefore, the absolute property of the owners, an injunction must depend upon the bare question of infringement; and while, as above stated, I have some doubt on this question, yet, in view of Judge Quarles' opinion and of the fact, stated on the arguments, that comparatively few of these earlier tanks not so restricted remain in use, there is not sufficient reason for introducing confusion in the execution of the order by excepting such tanks.

Therefore a preliminary injunction will issue as requested.