PREST-O-LITE CO. v. H. W. BOGEN, Inc., et al.

(Circuit Court, S. D. California, S. D.   September 12, 1910.)

No. 1,492.

TRADE-MARKS AND TRADE-NAMES (§ 72*)—UNLAWFUL COMPETITION—INJUNC-
TION.

Complainant manufactured, sold, and exchanged "Prest-O-Lite" auto
gas in tanks bearing complainant's trade-mark, which tanks were sold to
automobile owners, and when empty could be exchanged for full tanks at
a nominal charge at complainant's exchange stations.   Defendants pur-
chased these tanks, when empty, from automobile owners, refilled them
with other gas, and sold and furnished them to customers, after having
pasted a paper label on them indicating that they had been refilled; but
such label did not entirely cover plaintiff's trade-mark, nor was it suffi-
cient to successfully advise the purchaser that he was not obtaining
Prest-O-Lite gas.  Held that, though defendants were entitled to purchase
such tanks and refill the same, their resale under such conditions con-
stituted unfair competition, which complainant was entitled to enjoin.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent.
Dig. § 83; Dec. Dig. § 72.*

Unfair competition, see notes to Scheuer v. Muller, 20 C. C. A. 165;
Lare v. Harper & Bros., 30 C. C. A. 376.]

In Equity.  Suit by the Prest-O-Lite Company against H. W. Bog-
en, Incorporated, and others.  Decree for complainant.

Woodruff & McClure, of Los Angeles, Cal., for complainant.

H. C. Millsap and R. T. Quinn, both of Los Angeles, Cal., for de-
fendants.

WELLBORN, District Judge.   While I do not purpose to here re-
view the arguments or authorities submitted in the briefs of the re-
spective parties, or, indeed, to do more than announce generally my
conclusions, yet one matter of argument, since it is brief, may be prof-
itably suggested.

To limit the consideration of this case to the right which the pur-
chaser of one of complainant's tanks has to use and dispose of it ac-
cording to his pleasure affords but an incomplete, and therefore mis-
leading, view of the controversy.   This is exemplified in that part of
defendants' brief filed June 27, 1910, where they quote from the case
below cited as follows:

"The fact remains, however, that when complainant company sells the tank
filled with gas, without restrictions as to the use, such tank becomes the prop-
erty of the purchaser, and he may use the tank as he sees fit, and have it re-
filled with gas by any one."  Prest-O-Lite Co. v. Avery Portable Light Co. (C.
C.) 161 Fed. 648.

Construed properly—that is, with reference to its context—this is
doubtless a correct statement of the law.   The question, however,
it determines, is very different from that which arises where a per-
son embarks in the business of buying up, or otherwise procuring and
recharging, old tanks bearing a peculiar trade-mark, and then offering
to resell them to the public, in competition with the owner of the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

trade-mark, who is also engaged in like business. The one case does not necessarily involve detriment to the owner of the trade-mark, while, in the latter, injury to him manifestly results from an unauthorized use of his property; for, of course, no one will assert that the sale of an article bearing a trade-mark operates as an assignment or license of the latter. A careful reading of the case from which the above extract was taken shows that the distinction which I have endeavored to present was clearly in the mind of the judge by whom the opinion was written; indeed, the applicability of the doctrine the extract announces is expressly denied in the context, which, together with the extract itself, is as follows:

"The fact remains, however, that when complainant company sells the tank filled with gas, without restriction as to use, such tank becomes the property of the purchaser, and he may use the tank as he sees fit, and have it refilled with gas by any one or with something else. This, however, is a different proposition from the one presented in this case. The defendant company either buys up these old tanks with the plate first described, or trades for them, thus becoming the owner. This it has the right to do. It then fills them in its way with its own acetylene gas, and, in some cases, pasting over a part of the copper plate on the tank a paper label, easily removed, either sells them outright, or gives them to users in exchange for others. This label is sometimes above or below the plate, and sometimes is bottom side up when the tank stands on end. This label reads as follows: 'This tank has been refilled with acetylene gas by the Avery Portable Lighting Company, Milwaukee, Wis., Albany, N. Y., Manufacturers of Autogas Tanks.' The defendant is a competing company in this business, and has a tank of its own, which it can and does fill with its own gas, described and advertised as 'Autogas.' Avery, of the defendant company, was formerly with the complainant company, and is familiar with its business methods.

"It is evident to me that the defendant pursues this method, and gets hold of these 'Prest-O-Lite' gas tanks, and passes them out to its customers, for the purpose of taking trade from the complainant company. It in no way changes the appearance of the tank, except by pasting on the label, easily removed, and which only covers a part of the plate, and when it says, 'This tank has been refilled with acetylene gas by the Avery Portable Lighting Company,' etc., it implies and fairly represents to the purchaser, not only that he is getting acetylene gas made by the Prest-O-Lite Company, but that he is obtaining a properly refilled 'Prest-O-Lite gas tank.' When the lower part of the plate is not covered by the label, surely the user or purchaser recognizes it as a 'Prest-O-Lite gas tank,' and will naturally assume that it holds 'Prest-O-Lite gas,' and this is especially true as the defendant company has a different tank of its own make, bearing a different plate, and the purchasers will naturally assume that, when they take a 'Prest-O-Lite tank,' they get Prest-O-Lite acetylene gas properly placed therein, and that, when they take an 'Autogas tank,' they obtain Autogas properly placed therein. The natural result is that would-be purchasers of the Prest-O-Lite gas get Autogas imperfectly placed in the Prest-O-Lite tank. If the purchaser has doubts that he is getting a Prest-O-Lite tank properly filled with Prest-O-Lite gas, he easily scrapes off the label, and, finding the complainant's trade-mark, 'Prest-O-Lite,' he feels assured he has obtained what he desired. I think, and am constrained to hold, that this is an improper use of these tanks bearing complainant's trade-marks, and that these acts constitute unfair competition in trade, and should be restrained." Prest-O-Lite Co. v. Avery Lighting Co., supra.

The labels which defendants in this case claim they placed on the tanks they recharged do not fulfill the requirements of the order made in the case cited, nor can such labels, in the very nature of things, fully counteract, so far as concerns the public, the effect of the trade-

mark, and to the extent they fail in this respect they are lacking in adequate protection to complainant.

The foregoing views, it will be observed, do not take into account the restrictive conditions stenciled on many of complainant's tanks, and it is a fair inference from the testimony that such tanks constitute the bulk of those covered by this litigation. These conditions, however, obviously give additional strength to complainant's case, so far as it involves the stenciled tanks.

I am of opinion that the record on this hearing shows unfair competition, involving also infringement of complainant's trade-mark, and, accordingly, an injunction will be issued, as prayed for in the bill.