PREST-O-LITE CO. v. HEIDEN et al. †

(Circuit Court of Appeals, Eighth Circuit.   January 4, 1915.)

No. 4118.

*(Syllabus by the Court.)*

TRADE-MARKS AND TRADE-NAMES ⬅72—UNFAIR COMPETITION—WHAT CON-STITUTES.

The filling by a competitor of, or by a stranger to, the Prest-O-Lite Company, of an empty Prest-O-Lite tank bearing the trade-mark "Prest-O-Lite," or the selling, exchanging, or delivering such a tank so filled without completely and permanently obliterating and removing the trade-mark and other marks by letters or figures indicating that the tank is a Prest-O-Lite tank, and securely fastening to it a conspicuous notice that the tank is not filled with Prest-O-Lite gas, constitutes unfair competition. Placing a label over the trade-mark bearing a notice that the tank is not filled with Prest-O-Lite gas, fastened to the tank with shellac and removable by the use of a knife or scraper, does not relieve from liability for unfair competition.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 83; Dec. Dig. ⬅72.

Unfair competition, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.]

Smith, Circuit Judge, dissenting.

Appeal from the District Court of the United States for the Eastern District of Arkansas; Jacob Trieber, Judge.

Suit by the Prest-O-Lite Company against Herman E. Heiden and another, doing business as the Little Rock Headlight Company. From a decree for defendants, plaintiff appeals. Modified and affirmed.

Moore, Smith & Moore, of Little Rock, Ark. (Winter & Winter, of New York City, on the brief), for appellant.

W. E. Hemingway, G. B. Rose, and D. H. Cantrell, all of Little Rock, Ark. (J. F. Loughborough, of Little Rock, Ark., on the brief), for appellees.

Before SANBORN, SMITH, and CARLAND, Circuit Judges.

SANBORN, Circuit Judge.   The Prest-O-Lite Company makes and sells packages of acetylene gas for supplying automobile headlights, and undertakes to and does furnish any owner of an empty tank to one of its packages at any considerable city or town, and at many villages in the United States and parts of Canada, one of its filled tanks in exchange for this empty tank, for 10 per cent. of the cost of the original package.   It has expended more than a million dollars in establishing this system of exchange, providing a stock of its gas packages at every considerable town ready for exchange, and advertising its gas packages and its system.   It adopted and has used "Prest-O-Lite" as a trademark for its packages which it displays on its cylindrical tanks containing its gas, and on December 25, 1906, it registered this trade-mark After the business of this company and its system of exchange of its filled packages for its empty tanks had become fully established, ad-

vertised, and well known throughout the country, and in February, 1913, the defendants below commenced to gather and fill empty Prest-O-Lite tanks with gas which they produced and to sell these packages of their gas and to exchange them for empty Prest-O-Lite tanks for a small consideration. The Prest-O-Lite Company brought suit against them for infringement of its trade-mark and for unfair competition; the defendants by their answer denied both; evidence was produced; and at the final hearing the court below rendered a decree against the defendants, by which it enjoined them from filling, selling, or exchanging any of the tanks bearing the trade-mark Prest-O-Lite without covering the trade-mark with a notice that the contents of the tank were not prepared by the Prest-O-Lite Company or that they were not Prest-O-Lite gas. The Prest-O-Lite Company appealed from the decree because the court adjudged that the filling, selling, and exchanging by the defendants of the Prest-O-Lite tanks with the trade-mark covered by the label used by the defendants at the time of the decree did not constitute unfair competition, and because it did not enjoin the defendants from filling with their gas the Prest-O-Lite tanks, or selling or exchanging them when so filled, unless they first completely and permanently obliterated the plaintiff's trade-mark from the tanks. The tanks of the plaintiff are steel cylinders or bottles, and the Prest-O-Lite trade-mark is fastened upon them in this way: The tanks are first plated with copper; they are then plated with nickel; then a resisting material outlining the letters of the trademark is placed on the nickel surface, and the tank is given another coat of copper, which adheres to every part of it, except the lettering, so that the letters of the trade-mark then appear in nickel on the copper plating. These letters are not in the steel tank, and they can be removed by grinding them off with proper machinery for about nine cents a tank, but the defendants have not suitable machinery for this purpose. Before this suit was commenced, and up to the time that the preliminary injunction was granted, the defendants pasted on the Prest-O-Lite tanks, which they filled with their gas and sold, or exchanged, a paper label bearing the words: "This tank is filled with Pure Acetylene Gas (Not Prest-O-Lite Gas). Headlight Gas Company. Little Rock, Arkansas"—but the words "Not Prest-O-Lite Gas" were in type much smaller than the words "Pure Acetylene Gas," and the labels did not always cover the plaintiff's trade-mark and often slipped from the tanks. After the preliminary injunction they enlarged the words "Not Prest-O-Lite Gas" to the size of the words "Pure Acetylene Gas" and put the labels on over the plaintiff's trade-mark with shellac. They covered the bottom of the label with shellac, and also the top of it. Then water does not remove it, and it may be taken off with a knife or scraper, and the record shows that one of the dealers to whom the defendants furnished Prest-O-Lite tanks labeled in this way made a practice of removing the labels before he exchanged them with the consumers or users. The legal effect of the decree below is to adjudge: (1) That it is an infringement of the plaintiff's trade-mark and unfair competition for the defendants to fill with their gas the empty Prest-O-Lite tanks, or to sell or exchange or deal in gas packages so made; but (2) that they may fill, sell, or exchange them if they cover the plaintiff's trade-mark with a paper label fastened

with shellac, or otherwise in such a way that it is not capable of being easily detached, and which bears a notice that the tank is not filled with Prest-O-Lite gas.

Much argument in the briefs relates to the soundness of the first proposition. But the defendants have not appealed, and that question is not here for review. The second proposition alone is challenged by the appeal. Upon records not materially different from that in this case, that proposition has been exhaustively discussed, deliberately considered, and repeatedly decided—twice by courts of equally authority with that of this court. The United States Circuit Courts of Appeals of the Sixth and Seventh Circuits have adjudged that parties are not entitled to refill Prest-O-Lite tanks with their gas, to sell gas packages so made, or to exchange them without completely and permanently obliterating and removing from the tanks the trade-mark "Prest-O-Lite." Searchlight Gas Co. v. Prest-O-Lite Co., 215 Fed. 692, 696, 131 C. C. A. 626; Prest-O-Lite Co. v. Davis, 215 Fed. 349, 350, 131 C. C. A. 491. And so are the decisions in Prest-O-Lite Co. v. Avery Lighting Co. (C. C.) 161 Fed. 648, 650, 652; Prest-O-Lite Co. v. Davis (D. C.) 209 Fed. 917, 922, 923, 924; Prest-O-Lite Co. v. H. W. Bogen (C. C.) 209 Fed. 915, 916; Prest-O-Lite Co. v. Post & Lester Co. (C. C.) 163 Fed. 63, 64. Unless this court was thoroughly convinced that these decisions were erroneous, it would be its duty to follow them in the interest of uniformity of decisions and certainty of law. A thoughtful consideration of the question in the light of the evidence in the record in this case, of these authorities, and of the only opinion to the contrary that has come to our attention, Prest-O-Lite Co. v. Auto Acetylene Light Co. (C. C.) 191 Fed. 90, has satisfied that the conclusions reached in the cases first mentioned above are rational and just and should be followed. Reference is made to the opinions in those cases for the reasons for this result, and further discussion of the question is omitted because it would be nothing but a repetition of what has already been so well said in those opinions.

Let the decree below be modified so as to read as follows, and, so modified, let it be affirmed.

### Modified Decree.

Now on this day comes the complainant by its solicitors, Winter & Winter and Moore, Smith & Moore, Esqs., and the defendants by their solicitors, Rose, Hemingway, Cantrell and Loughborough, Esqs., and the said cause is submitted to the court on oral testimony introduced at the hearing, depositions of witnesses heretofore filed in said cause, documentary and other evidence introduced at the hearing; and the court having heard the evidence and argument of counsel, and being well and sufficiently advised in the premises, doth find that the use on Prest-O-Lite tanks filled with the gas of the defendants of the label shown to be now and since the granting of the preliminary injunction in use by the defendants, constitutes, as did the use of the labels used by said defendants on such tanks before that time, unfair competition, and that the defendants have been and still are guilty of unfair competition with the complainants, and the court does hereby order, adjudge, and decree that the defendants, and each of them, their agents, servants, and

representatives, be, and they are, hereby restrained and enjoined from hereafter filling or refilling with acetylene dissolved in acetone steel tanks, bottles, or cylinders bearing the complainant's registered trademark "Prest-O-Lite," and from selling or exchanging or in any way dealing in such bottles or cylinders so filled or refilled by the defendants or others than the complainant without first completely and permanently obliterating and removing from each thereof that trade-mark, and all other marks, by letters or figures indicating that the tank is a Prest-O-Lite tank and securely fastening thereon a conspicuous notice that the tank is not filled with Prest-O-Lite gas.

It is further ordered, adjudged, and decreed that none of the tanks or cylinders formerly owned by the complainant, and formerly bearing its trade-mark when filled by the defendants, shall be sold or exchanged by the defendants, or any of their agents or vendees, who have notice of this decree or of the injunction it contains and directs without completely and permanently obliterating and removing from each of them the trade-mark "Prest-O-Lite" and all other marks, by letters or figures indicating that the tank is a Prest-O-Lite tank and securely fastening thereon a conspicuous notice that the tank is not filled with Prest-O-Lite gas.

SMITH, Circuit Judge (dissenting). The package in question consists of an outer metallic case lined with asbestos and containing liquid acetone, into which acetylene gas is forced under pressure. The apparatus was originally patented as No. 664,383, and known as the Claude & Hess patent. This patent expired June 30, 1910. Commercial Acetylene Co. v. Schroeder, 203 Fed. 276, 121 C. C. A. 474; Commercial Acetylene Co. v. Searchlight Gas Co. (D. C.) 197 Fed. 908; Id. (C. C.) 188 Fed. 85; Cameron Septic Tank Co. v. City of Knoxville, 227 U. S. 39, 33 Sup. Ct. 209, 57 L. Ed. 407.

While this patent was in existence it was a close question as to the right of a purchaser to have his tank refilled by other than the complainant. Leeds & Catlin v. Victor Talking Machine Co., 213 U. S. 325, 29 Sup. Ct. 503, 53 L. Ed. 816. The owner of the patent in question, by notice forbidding such refilling, succeeded in preventing it. Commercial Acetylene Co. v. Widrig (C. C.) 190 Fed. 201. By the expiration of the patent there was given to the public the right, not only to make the entire apparatus, but to make it under the name which had become indissolubly attached to it. Singer Manufacturing Co. v. June, 163 U. S. 169, 16 Sup. Ct. 1002, 41 L. Ed. 118.

Every one, therefore, has the right to manufacture or fill Prest-O-Lite tanks under that name and therefore to fill old tanks, and no one by a trade-name adopted during the life of the patent could prevent the right passing to the public, not only to manufacture and refill the tanks, but to manufacture and refill them under the trade-name which had become indissolubly attached to them.

The trade-mark in this case was filed four years before the expiration of the patent. While, therefore, every one can now make and refill a Prest-O-Lite tank, he must so mark the goods as to indicate that they are his manufacture and not that of the Prest-O-Lite Company.

The packages have been sold at $12 each, while for refilling a charge has been made in later years of only $1, thus showing that the original sale is the principal thing and the charge for refilling is an incident.

The tanks in question are sold outright, and the purchaser can destroy them if he will. There is no right to compel the total erasure of the name Prest-O-Lite, for every one has the right to put it on. The complainant originally put a brass plate on its packages which could be easily removed. It then substituted an indented inscription which could not be removed except by grinding or some form of erosion of the metal.

If it should, as appears to me, be erroneously held that the original trade-name must be removed, then by this change the public is deprived by the act of the complainant of its right upon the expiration of the patent by the substitution of a substantially irremovable inscription. There is no method at Little Rock by which this inscription can be removed, and the monopoly which the complainant had for many years under its patent has become, according to the majority opinion, a perpetual monopoly. The change in the manner in which this inscription was thus put upon the package is an evidence that the unfair trade is on the part of the complainant. As I understand the majority opinion, if the complainant can devise some method by which the inscription can be carried clear through the metal constituting the case of the package, it will not only then be impracticable for every one but the complainant to fill the packages, but wholly impossible, and the monopoly will be complete to what the law has given to the public.

It is set up in the answer that over the inscription of the complainant has been fastened by the defendant, with shellac, so that it is not affected by water, an inscription in red ink as follows:

This tank is filled with

PURE ACETYLENE GAS

(NOT PREST-O-LITE GAS)

Headlight Gas Co.

LITTLE ROCK, ARK.

219 F.—54

By the order for the temporary injunction it was ordered:

"The defendants and each of them, their agents, servants, and representatives, be restrained and enjoined from hereafter filling or refilling with acetylene dissolved in acetone any of the steel bottles or cylinders described in the bill of complaint bearing the complainant's registered trade-mark, viz., 'Prest-O-Lite,' and from selling or exchanging or in any way dealing in said bottles or cylinders when so filled or refilled by the defendants or persons other than the complainant, without in every case covering the aforesaid trade-mark engraved on said bottles or cylinders by and with a notice which shall wholly cover said trade-mark and entirely conceal the same from observation and shall contain a statement in large type that the contents of said bottle or cylinder are not prepared by the Prest-O-Lite Company. Said notice shall be so securely attached and affixed to said bottle or cylinder as not to be capable of being easily detached therefrom in the hands of any dealer who might come into possession of said bottles or cylinders or any of them, and none of the bottles of the plaintiff, when filled by the defendants as aforesaid, shall be sold by them or their agents and vendees without said label thereon, as hereinbefore set forth."

And by the final decree it was provided that the court—

"doth find that the label shown by the proof to be now, and since the granting of the interlocutory injunction, in use by the defendants, is not easily removable, and the printing on the label, the manner of attaching, and the place attached to the package do not constitute unfair competition, and does order, adjudge, and decree that the defendants, and each of them, their agents, servants, and representatives, be restrained and enjoined from hereafter filling or refilling with acetylene dissolved in acetone any of the steel bottles or cylinders described in the bill of complaint bearing the complainant's registered trade-mark, viz., 'Prest-O-Lite,' and from selling or exchanging or in any way dealing in said bottles or cylinders when so filled or refilled by the defendants or persons other than the complainant, without in every case covering the aforesaid trade-mark engraved on said bottles or cylinders by and with a notice which. shall wholly cover said trade-mark and entirely conceal the same from observation, and shall contain a statement in large type that the contents of said bottle or cylinder is not prepared by the Prest-O-Lite Company, or that the contents is not Prest-O-Lite gas. Said notice shall be so securely attached and affixed to said bottles or cylinders as not to be capable of being easily detached therefrom in the hands of any dealer who might come into possession of said bottles or cylinders or any of them, and none of the bottles of the plaintiff, when filled by the defendants aforesaid, shall be sold by them or their agents and vendees, who have notice of this injunction, without said label thereon as hereinbefore set forth."

The inscription thus required to be put by the defendants upon the tanks in my judgment goes beyond any right the complainant can insist upon; and being thoroughly convinced that the decisions cited in the majority opinion are erroneous, I deem it my duty to respectfully dissent.