### J. F. ROWLEY CO. v. ROWLEY.†

(Circuit Court of Appeals, Third Circuit. February 17, 1912.)

No. 86 (1,565).

1. TRADE-MARKS AND TRADE-NAMES (§ 98*)—UNFAIR COMPETITION—ACCOUNTING—PROFITS.

Where unfair competition consists in the use of a trade-mark in fraud of complainant's rights, affixed to or covering packages sold by defendant, complainant is not bound to show the amount defendant's profits were actually enhanced by his unlawful use of the trade-mark, but is entitled to recover by way of damages the whole profit realized by defendant from the sale of articles under color of the infringing trade-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
† Rehearing denied.

mark, under the rule that the infringer cannot complain, as he is suffering the consequences of his own wrong.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 112; Dec. Dig. § 98.*]

2. TRADE-MARKS AND TRADE-NAMES (§ 98*)—UNFAIR COMPETITION—REMEDIES.
   In a suit for unfair competition, an accounting of profits will not be ordered, where an injunction will satisfy the substantial equities of the case.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 112; Dec. Dig. § 98.*

Unfair competition in use of trade-mark, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.]

Appeal from the Circuit Court of the United States for the Western District of Pennsylvania.

Action by the J. F. Rowley Company against E. H. Rowley. From a decree awarding nominal damages in a suit for unfair competition, complainant appeals. Affirmed.

See, also, 171 Fed. 415, 96 C. C. A. 371.

Frank Ewing, for appellant.

J. H. Roney, for appellee.

Before GRAY, Circuit Judge, and BRADFORD and YOUNG, District Judges.

GRAY, Circuit Judge. This is an appeal from a decree entered by the Circuit Court for the Western District of Pennsylvania, overruling exceptions to a master's report on an accounting, and confirming said report.

A suit in equity was brought in the court below by the appellant, alleging unfair competition by the appellee in the use of the name "Rowley" in the manufacture of artificial legs, the name "Rowley" being also the surname of the appellee. After hearing, the court granted an injunction, restraining the appellee from the use of the name "Rowley" in any manner in connection with the sale and manufacture of artificial legs. From this decree an appeal was taken to this court, and by it the case was remanded to the court below, with instructions to modify the decree, so as not to absolutely prohibit the use of the name "Rowley," but allowing the use of that name with initials, provided that an explanation was attached thereto. 161 Fed. 94, 88 C. C. A. 258. In conformity to this instruction, the court below reformed its decree by granting a perpetual injunction—

"against the defendant, his agents, employés, servants or by any one acting on his behalf, restraining him and them from making and selling any artificial limbs in imitation of the goods made and sold by the plaintiff, in which the dress, covering, or appearance is such that it would likely deceive the public or prospective purchasers; from mailing letters or circulars such as would deceive the ordinary purchasers into believing that the defendant's goods were the plaintiff's goods; from the use of the name 'Rowley' without initials in any manner whatsoever in the manufacture or sale of artificial limbs; from the use of the name 'Rowley' with initials in any manner whatsoever in the manufacture and sale of artificial limbs, unless in each and every instance in which the name is so used, it is accompanied

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

by explanatory words sufficient to clearly distinguish the goods manufactured from the goods of the complainant. And it is further ordered, adjudged and decreed that the plaintiff recover from the said defendant the damages sustained in or by reason of unfair competition, and also profits gained and savings made or realized by the defendant by reason of unfair competition so practiced, and that this cause be referred to H. D. Gamble, master, to take, state and report an account of damages and profits under and in accordance with this decree. And it is ordered that the costs of the case, including the costs of accounting, be divided between the parties."

From this decree the appellant, as defendant below, again took an appeal to this court, complaining that the court below, in making the decree, had not conformed to the letter or spirit of the former decision of this court. This court, however, being of opinion that the court below in its decree had conformed to both the letter and spirit of the instructions given by this court, in remanding the case, affirmed the said decree as entered. 171 Fed. 415, 96 C. C. A. 371.

In accordance with the decree thus affirmed, that the plaintiff recover from the said defendant the damages sustained in or by reason of said competition, and also the profits gained and savings made or realized by the defendant, by reason of unfair competition, reference was made to a master to take, state and report damages and profits in accordance with the decree. The matter then went before the master, and evidence was taken upon the question of an accounting of damages and profits. The master, among other things, reported:

"Complainant has not offered any proof upon this accounting to show that any one purchased artificial legs from the respondent, supposing them to be the goods of the complainant, or that any sales were lost to complainant by reason of the alleged unfair competition of respondent, other than might appear in the original record."

He therefore finds and so reports, as follows:

"Upon the whole case, the master is unable to find such evidence of misrepresentation, deception or unfair competition as would justify other than nominal damages, and therefore awards damages in the sum of one dollar."

Exceptions were filed to the master's report, and after hearing the same, the court below sustained the findings of the master and entered a decree accordingly. From this decree the present appeal is taken.

[1] The general rule undoubtedly is that, on such a reference in a case of unfair competition, it is the duty of the master to fairly take an account of profits realized by the defendant upon all articles or goods manufactured or sold by him under the conditions of unfair competition, as established by the decree of the court. Where the unfair competition consists in the use of a trade-mark in fraud of complainant's rights, affixed to or covering articles or packages sold by the defendant, complainant is entitled, by way of damages and compensation for the wrong inflicted upon him, to the whole profits realized by the defendant from the sale of articles under color of the infringing trade-mark. As it is generally impossible to discriminate between sales made by reason of the deception worked by the infringing trade-mark and of those not so made, courts have required that the whole profits should go to the complainant. The infringer in such cases has no ground of complaint that he is thus suffering the

consequences of his own wrong. Where, however, as in this case, the unfair competition consisted in the use of the defendant's own name, "Rowley," upon letter heads and advertising circulars, in such manner as would make it likely to give the impression that the defendant was the original manufacturer of the "Rowley" leg, there is not the same reason for supposing that each article is sold by reason of unfair competition, as in the cases where trade-marks proper are affixed to each article offered for sale.

[2] Courts will refrain from ordering an account of profits where an injunction will satisfy the substantial equities of the case. Where, however, an accounting of profits has been ordered, the master, in executing the reference under such an order, should conform to the general rule as above stated. His duties are ministerial and not judicial. In the present case, the master has taken a different view of the duty imposed upon him by the order of reference, and held that no profits should be taken into the account, except upon those sales which the complainant was able to show had been effected by reason of the deception practiced by the defendant.

If the general rule as to an accounting for profits was thought to bear hardly upon the defendant, application should have been made to the court upon a proper showing for a modification of its decree in this respect. The court below has, however, overruled the exceptions to the master's report and has thus practically amended its own decree.

As we are of opinion that the injunction decreed by the court below satisfied the equities of the case, and does justice between the parties, and gives the complainant, under the circumstances, all the relief to which he is entitled, we abstain from interfering with the action of the court below and affirm the order appealed from.