### P. E. SHARPLESS CO. v. LAWRENCE et al.

(Circuit Court of Appeals, Third Circuit.    April 27, 1914.)

#### No. 1761.

1. TRADE-MARKS AND TRADE-NAMES (§ 98*)—INFRINGEMENT—UNLAWFUL COMPETITION—DAMAGES.

In theory, a technical trade-mark is a species of property, and, when invaded or appropriated, the owner thereof is entitled, not only to protection against further trespass, but to recover profits issuing therefrom, as incident to and a part of his property right; while in suits for unfair competition the complaint is not for an appropriation of a property right, but for a tort committed by defendant, for which complainant is entitled to recover compensatory damages actually sustained by reason of the wrong.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 112; Dec. Dig. § 98.*

Imitation or simulation of trade-mark or trade-name as unfair competition, see note to John H. Rice & Co. v. Redlich Mfg. Co., 122 C. C. A. 447.]

2. TRADE-MARKS AND TRADE-NAMES (§ 98*)—UNLAWFUL COMPETITION—DECREE—"DAMAGES."

In a suit for infringement of a trade-mark and for unlawful competition, complainants were denied a recovery for infringement of the trademark, but were granted a decree for unlawful competition, which provided that complainants should recover of defendant "damages" sustained by reason of defendant's unlawful acts, together with the costs of suit, with leave to apply for reference to a master to ascertain and assess the damages. On appeal the decree was affirmed; the order of affirmance concluding with a command for execution and further proceedings according to right and justice and the laws of the United States, the appeal and cross-appeal notwithstanding. *Held*, that the word "damages" was used in its legal sense, to mean the indemnity recoverable by a person who has sustained an injury either in his person, property, or relative rights through the default of another, a sum of money adjudged to be paid by one person to another as a compensation for a loss sustained by the latter in consequence of an injury committed by the former; and hence the decree as affirmed did not justify an order directing a master not only to assess damages, but also to take an account of profits made by defendant as the result of its unlawful competition.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 112; Dec. Dig. § 98.*

For other definitions, see Words and Phrases, vol. 2, pp. 1812–1820; vol. 8, pp. 7625, 7626.]

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; J. Whitaker Thompson, Judge.

Petition by the P. E. Sharpless Company for mandamus to the District Court of the United States for the Eastern District of Pennsyl-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

vania, commanding it to so reform an order appointing a master to assess damages in a suit by William A. Lawrence and another, doing business as W. A. Lawrence & Son, against the P. E. Sharpless Company for infringement of a trade-mark and unlawful competition as to conform the order to the mandate of the Circuit Court of Appeals, affirming a judgment in favor of complainants and against petitioner, (208 Fed. 886); also cross-petition for mandamus by complainants. Cross-petition dismissed, and mandamus granted, on the original petition of the Sharpless Company as prayed.

Duell, Warfield & Duell, of New York City (C. H. Duell, F. P. Warfield, H. S. Duell, and R. W. France, all of New York City, of counsel), for W. A. Lawrence.

H. T. Fenton, of Philadelphia, Pa., for P. E. Sharpless Co.

Before GRAY, BUFFINGTON, and McPHERSON, Circuit Judges.

GRAY, Circuit Judge. The above entitled cause was an appeal by the defendant below and a cross-appeal by the complainant below, from an interlocutory decree in equity, entered March 24, 1913, on final hearing by the United States District Court for the Eastern District of Pennsylvania. The appeal and cross-appeal were decided November 24, 1913, by this court, in an opinion and decree affirming the decree below and dismissing the cross-appeal. 208 Fed. 886. Thereafter, on December 27, 1913, the mandate in this court issued accordingly and was presented and filed in the court below.

The action was begun by a bill in equity, alleging two distinct causes of action; one of them an averment of ownership by complainants of a trade mark at common law and by force of a registration thereof, dated March 27, 1906, for domestic Neufchatel cheese, with an allegation of infringement thereof by defendant; and the other of them, an allegation of unfair competition in the use by defendant of two certain tin foil package labels for said domestic Neufchatel cheese made and sold by it; with prayers, specific and general, for equitable relief.

After issue joined and proofs taken, the cause came on to be heard, and was adjudicated in by a decree entered March 24, 1913, wherein the relief prayed in the bill, as to the first cause of action, viz., the trademark, was denied; and the relief prayed as to the second, viz., unfair competition, was granted.

Accordingly, the trade-mark, whether at common law or as registered, was decreed to be invalid as a basis of the exclusive right claimed by the complainant. It was decreed, however, that the defendant was guilty of unfair competition in the sale of Neufchatel cheese, in respect to the use of two certain labels, referred to and described. These labels were adjudged to be an unlawful simulation of plaintiffs' label, and to have been used by defendant on Neufchatel cheese in willful and fraudulent competition with plaintiffs.

It was further decreed that a perpetual injunction issue, enjoining the defendant, etc., from any further use on its packages of Neufchatel cheese of said labels, or any like label in imitation of plaintiffs' label. The decree then closes as follows:

"That the complainant recover of the defendant damages sustained by said complainant from the unlawful acts of the defendant herein adjudged, in its use of said two labels recited in paragraphs 2 and 3 hereof, in the packaging and sale of Neufchatel cheese, together with its costs of suit in this behalf expended, with leave to complainant to apply hereafter for a reference to a master to ascertain and assess said damages, should it be so advised."

Thereupon the defendant appealed to this court from so much of said decree as adjudged the charge of unfair competition against it; and plaintiffs, by cross-appeal from so much of the decree as adjudged the issue of a technical trade-mark against them. Said appeal and cross-appeal came on to be heard in this court, and were disposed of in an opinion which referred to the distinct causes of action, as follows:

"In this proceeding, William A. Lawrence & Son sought relief against the P. E. Sharpless Company, averring (1) infringement of a trade-mark, and (2) unfair competition. The decree adjudged the trade-mark invalid, but granted an injunction on the second ground. Each party has appealed from the decree, the plaintiffs from so much of it as declares their trade-mark invalid, and the defendant company from so much as restrains the unfair competition."

Pursuant to its opinion, this court, on the 24th day of November, 1913, made its decree, affirming the interlocutory decree aforesaid, and dismissing said cross-appeal, and on the 27th day of December, 1913, issued its mandate, reciting said decree, concluding as follows:

"You are therefore hereby commanded that such execution and further proceedings be had in said cause as, according to right and justice and the laws of the United States ought to be had, the said appeal and cross appeal notwithstanding."

After the presentation and filing of this mandate in the trial court, upon a motion made by plaintiffs for the entry of an order appointing a master, and against the objection of the defendant on the hearing of said motion, the court entered, on the 19th of January, 1914, the following order:

"And now, January 19, 1914, on motion of Duell, Warfield & Duell, attorneys for the plaintiffs in the above entitled cause, for the appointment of a special master herein, it is ordered and decreed that the case be referred to John Douglass Brown, Jr., residing at Philadelphia, as special master to ascertain, take, state and report an account of the number of packages of Neufchatel cheese made, used or sold by defendant under" (the denounced labels), "and also the gains, profits and advantages which the defendant has received or which have accrued to it from infringing upon the rights of the plaintiffs by the manufacture, use and sale of Neufchatel cheese under said labels, and the damages which the plaintiffs have suffered by said infringement."

Thereupon the present petition, sworn to and subscribed in behalf of the defendant, was presented to this court on the 5th day of February, 1914. An order on the plaintiffs to show cause was granted by this court on the 3d of March, 1914, and an answer pursuant to said rule filed by them. In this answer, the facts set forth in the petition as above recited are not denied.

It is contended by the petitioner that the decretal order of January 19, 1914, above set forth, is in substance a new decree, in substitution for paragraph 4 of the final decree of March 14, 1913, as affirmed by this court and ordered by its mandate to be executed as affirmed; that said new decree is a radical enlargement of the scope of the original

decree so affirmed, in that it is not limited to a recovery of the "damages which the complainants have suffered" from the unfair competition adjudged. It is further contended that the language of the decree so affirmed is the correct measure of recovery for unfair competition, and that the enlargement of the original decree, so as to include the recovery of gains, profits and advantages in addition to the damages originally adjudged, is applicable only to the infringement of trademarks, as to which the prayer of the bill was denied.

[1] The latter contention presents some difficulties. In theory, a technical trade-mark, like a patent right, is a species of property, and when it is invaded or appropriated, the owner thereof is entitled, not only to protection from further trespass, but, to the recovery of the profits issuing therefrom, as incident to and a part of his property right. In suits for unfair competition, on the other hand, the complaint is not of an appropriation of a property right, but of a tort committed by the defendant, in that his conduct has been unlawful by reason of the consequential injury to the plaintiff. In such a case, it is contended the recovery should be for damages actually suffered by the plaintiff, and for those only, the wrong complained of being somewhat analogous to that which would be the basis of an action on the case at common law.

It is true, however, as contended by the plaintiffs below, that courts of equity, in granting injunctive relief in cases of unfair competition, have sometimes decreed that the plaintiffs should recover of defendant, not only damages, but the profits, gains and advantages that have accrued to the defendant by reason of his unfair competition. Such an enlargement of the scope of the decree is generally made on the ground that the unfair competition is adjudged to have been willful and fraudulent, and the recovery of profits in such cases is a punitive addition to the ordinary decree of compensatory damages. A number of cases have been cited in the brief of plaintiffs below, where, under these circumstances, an accounting of profits has been allowed in cases of unfair competition. We have examined all of them, and it is to be observed that in almost every case the recovery of such profits was included in the decree in addition to the recovery of damages, and in none of them was the precise question here presented discussed. The distinction between the recovery of damages and profits was thus recognized.

Plaintiffs have quoted the following language of this court in Rowley v. Rowley, 193 Fed. 390, 113 C. C. A. 386:

"The general rule undoubtedly is that, on such a reference in a case of unfair competition, it is the duty of the master to fairly take an account of profits realized by the defendant upon all articles or goods manufactured or sold by him under the conditions of unfair competition, as established by the decree of the court."

[2] In view of the purpose for which it was cited, this language might be somewhat misleading. It is therefore necessary to state what was before the court in that case. The court below had only decreed an injunction. From this decree an appeal was taken. Pursuant to direction of this court, the decree was modified by the court below, and

it was adjudged that the plaintiffs recover from the defendant, not only *damages* sustained by reason of unfair competition, but also profits realized thereby. Reference was made to a master for an accounting of damages *and* profits, in accordance with the decree. The case finally came before this court again, on an appeal involving exceptions to the master's report. It will thus be seen, that in using the language above referred to, this court was dealing with a case in which there was a decree in the court below for both damages *and* profits.

What we conclude from the cases cited is, that courts of equity in cases of unfair competition may, upon what seems to them sufficient grounds, include in their decrees an accounting of profits as well as an award of damages. We think, however, that the distinction between a decree for the recovery of damages and one for the recovery of profits, should not be lost sight of, and in general is not lost sight of, and that the latter is not included in the former.

In the present case, the decree of the court below, as it was affirmed by this court, was for the recovery of the "damages sustained by said complainant from the unlawful acts of the defendant herein adjudged in its use," etc., * * * "with leave to apply hereafter for a reference to a master to *ascertain and assess said damages.*"

This brings us to the real question in the case. We do not see why this plain and intelligible language should be subject to any process of interpretation. It concerns the administration of justice and affects the interest of litigants, that the plain and obvious meaning of the language of a judgment or decree should be upheld. The word "damages," as a word of art, has a clear and definite legal meaning. It is defined by Bouvier to be "the *indemnity* recoverable by a person who has sustained an injury either in his person, property or relative rights through the act or default of another." The word has also been defined as "a sum of money adjudicated to be paid by some person to another as a compensation for a loss sustained by the latter in consequence of an injury committed by the former."

These and other definitions given by the courts, though in varying language, all include the concept of indemnity or compensation for actual loss. It is a legal term of clear import, and an unnecessary and harmful confusion of thought would ensue from treating it otherwise. In the recent case of the Pennsylvania Railroad Company v. International Coal Company, 230 U. S. 184, 33 Sup. Ct. 893, 57 L. Ed. 1446, the Supreme Court of the United States, in dealing with the eighth section of the act to regulate commerce, giving a right of action to a shipper injured by any act of a common carrier prohibited by the statute, and making "such common carrier * * * liable to the person injured thereby for the full amount of *damages* sustained in consequence of any such violation of the provisions of the act," used this significant language:

"The statute gives a right of action for *damages* to the *injured* party, and by the use of these legal terms clearly indicated that the damages recoverable were those known to the law and intended as compensation for the injury sustained."

We are of opinion, therefore, that this court, in affirming the decree of the court below, "that the complainant recover of defendant the

damages sustained by said complainant from the unlawful acts of the defendant herein adjudged," did not and could not do otherwise than impute to the words, "damages sustained by said complainant," the legal meaning attaching thereto, as above indicated. The decree, therefore, was fixed and determined by the affirmance of this court, and could not be changed or amended by the court below. It was not competent for the court below, by the so-called decretal order, to treat the word "damages" as a generic term, including more than actual pecuniary damage suffered by the plaintiffs, and to so enlarge its scope as to include elements not contemplated by the decree as we have affirmed it. If profits, as well as damages, were to be recovered, they should have been included in the decree, and as we have above indicated, it was quite within the competency of the court, upon finding willful and fraudulent competition, to have so decreed.

It is not a question now, whether such profits could or should have been so awarded. We are dealing merely with the question, whether the plain meaning of the decree, as entered in the court below and affirmed by this court, can be practically altered by a decretal order instructing the master as to the measure of damages. The decree can only be enforced as it was understood by this court in affirming it. The command of the mandate of this court, "that such execution and further proceedings be had in said cause, as according to right and justice and the laws of the United States ought to be had, the said appeal and cross-appeal notwithstanding," did not therefore authorize the court below to depart in any respect from the judgment of this court. The court below had no authority to make its so-called decretal order of January 19, 1914, in regard to gains, profits and advantages which the defendant had received, by infringing upon the rights of the plaintiffs.

Counsel for the plaintiffs below dwelt much upon certain language used in the opinion delivered by this court in affirming the decree of the court below. The language in question is as follows:

"But we do not feel bound to pass upon the validity of the trade-mark. The question presented—namely, the generic character of the device—is of some nicety, and in a case that called for its decision would need close examination and discussion. We must not be understood as intimating any opinion, or even any prepossession, either for or against the view adopted by the District Judge; we merely state our opinion, that, as the plaintiffs have obtained full relief against the defendant, they are not entitled to insist that it should be based upon one ground rather than upon another."

We do not think the language quoted justifies the contention of the plaintiffs below, that this court intended that they should have the same relief in this case as though they had established a technical trade-mark. This court was affirming the decree of the court below, which declared invalid plaintiffs' trade-mark, but disclaimed intimating any opinion for or against the view adopted by the District Judge, because it was of opinion that the plaintiffs had obtained full relief against the defendant. What that full relief was, in the opinion of this court, is stated in the language following that referred to above:

"The essential matter is, that the defendant has been restrained from using the labels complained of, and for the present the plaintiffs must be content with that fact."

It was therefore the injunctive relief which this court had in mind, as the full and complete remedy in the plaintiffs' case. No question had been raised, either in the court below or in this court, as to any distinction between the recovery to be had in cases for infringment of registered copyright, and those for unfair competition. The inclusion of profits in the ascertainment of damages was an afterthought, so far as this court was concerned.

In view of what has been said, it is unnecessary to discuss at length the counter-petition of the plaintiffs for a mandamus, directing the court below to reform its decretal order so as to provide that the master appointed to take an accounting of the profits made by the defendant and the loss suffered by the plaintiffs, should take such accounting with regard to all cheese of every kind sold by the defendant under labels containing the representation of a cow, in infringement upon the plaintiffs' trade-mark. The petition in this respect is founded upon the contention, that this court has held petitioners entitled to the same relief as though they had established the validity of their technical trade-mark, and are therefore entitled to an accounting with reference to all cheese sold by the defendant under labels containing the representation of a cow. The sufficient answer, as indicated above, is that this court has not so held, and that the decree as affirmed by this court deals entirely with unfair competition as to Neufchatel cheese. The counter-petition of plaintiffs for mandamus is therefore dismissed, and it is ordered that a mandamus as prayed for by the defendant be issued.