STRAUSS v. PENN PRINTING & PUBLISHING CO.

(District Court, E. D. Pennsylvania. March 1, 1915.)

No. 1283.

1. COPYRIGHTS ⬗29—NOTICE OF COPYRIGHT—OMISSION.

Under Copyright Act March 4, 1909, c. 320, § 18, 35 Stat. 1079 (Comp. St. 1913, § 9539), providing that in certain cases the required notice of copyright may consist of the letter "C" inclosed within a circle, where there appeared upon copies of a copyrighted picture, as printed in a newspaper, a blurred print mark, the outline of which was roughly semicircular, within which was an indistinct and blurred impression, which upon close scrutiny bore some resemblance to the extreme upper part of the letter "C," but which would not have conveyed to the mind of any one, not searching for notice and having no actual notice of the copyright, the fact that they were intended for the letter "C" inclosed within a circle, there was an omission of the notice of copyright within section 20 (Comp. St. 1913, § 9541), providing that, where the copyright proprietor has sought to comply with the provisions of that act with respect to notice, the omission by accident or mistake of the prescribed notice from a particular copy or copies shall not invalidate the copyright, or prevent recovery for infringement against infringers with notice, but shall prevent the recovery of damages against an innocent infringer misled by the omission.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. §§ 29, 30; Dec. Dig. ⬗29.]

2. COPYRIGHTS ⬗87—DAMAGES AND PROFITS—OMISSION OF NOTICE OF COPYRIGHT.

Under Copyright Act, § 20, relative to the omission by accident or mistake of the required notice of copyright, and section 25 (Comp. St. 1913, § 9546), providing that infringers shall be liable to an injunction and to such damages as the copyright proprietor may have suffered, as well as all profits which the infringer shall have made, or, in lieu of actual damages and profits, such damages as to the court shall appear to be just, in assessing which the court may in its discretion allow the amounts therein stated, the omission of the copyright notice by accident or mistake, though preventing a recovery of damages against an innocent infringer, did not prevent a recovery of the infringer's profits, but did prevent an allowance of such damages as appeared just in lieu of actual damages and profits, as the court is not authorized to allow such damages in lieu of profits alone.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. § 81; Dec. Dig. ⬗87.]

———————

**3. COPYRIGHTS ⬨═90—ACTIONS—COSTS—ATTORNEY'S FEES.**

Under Copyright Act, § 40 (Comp. St. 1913, § 9561), providing that in all actions or suits thereunder, with certain exceptions, full costs shall be allowed, and the court may award to the prevailing party a reasonable attorney's fee as part of the costs, where a copyright proprietor obtained an injunction, with a judgment for profits, against an innocent infringer, misled by the accidental omission of the copyright notice, who did not in his answer admit that the complainant was entitled to the relief granted, an attorney's fee will be allowed.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. § 85; Dec. Dig. ⬨═90.]

In Equity. Suit by Malcolm Strauss against the Penn Printing & Publishing Company. On final hearing. Decree for complainant.

Alison M. Lederer, of New York City, and Arthur S. Minster, of Philadelphia, Pa., for plaintiff.

Weaver & Drake, of Philadelphia, Pa., for defendant.

THOMPSON, District Judge. The complainant is the owner of a duly registered copyright granted to him October 2, 1911, for a picture or drawing conceived and executed by him, which copyright entitled him to the sole right to print, reprint, publish, copy, reproduce, and vend the said picture or drawing. The complainant granted a license to Gimbel Bros., merchants of the city of New York and Philadelphia, to reproduce and publish copies of the picture, under its name "La Promenade des Toilettes at Gimbel Bros.," for the purpose of illustrating advertisements of their wares. In pursuance of that license, the picture, representing a woman in artistic pose and costume, was reproduced in the Press, a newspaper of Philadelphia, on October 4, 1911, as an advertisement of Gimbel Bros. in connection with "La Promenade des Toilettes."

The defendant, a corporation engaged in printing posters, copied the picture from a copy of the Press of October 4, 1911, caused a cut to be made therefrom much enlarged in size, and made therefrom 2,500 posters. It sold 2,250 copies, and at the time of the hearing had in its possession, unsold, 250 copies. There was offered in evidence by the complainant from the bound files of the Press a copy of the Press of October 4, 1911, containing the picture with Gimbel's advertisement. There was also offered by the defendant a page of the Press of October 4, 1911, containing the picture and advertisement, which, as appears from the testimony, was similar to the copy from which the cut was made from which the posters were manufactured.

The defendant admits that the posters manufactured by it, including those sold, are copies of the Press' reproduction of the complainant's copyrighted work, but denies that upon every copy of the picture or drawing published or caused to be published by Gimbel Bros. there was inscribed or printed as prescribed by law the letter "C" inclosed within a circle, with the complainant's name thus, " © Malcolm Strauss," as claimed by the complainant. The defendant denies that there appeared on the copies whereof it has or had knowledge any notice of the copyright of the picture, and avers that there was an omission of the requisite notice, and that it was misled by the omission into

believing that the picture was by the publication in the Press dedicated to the public.

[1] An examination of the pictures printed in the Press, in evidence, is sufficient to show that the notice of copyright prescribed by the act was omitted from those reproductions. The name "Malcolm Strauss" appears below the figure of the woman, and immediately below the initial "S" of the name "Strauss" appears a small blurred print mark, the outline of which is roughly semicircular in shape, with the arc uppermost. Within the semicircular outline is an indistinct and blurred impression, which, upon close scrutiny by one searching for notice or having actual notice of the copyright, bears some resemblance to the extreme upper part of the letter "C." To one not searching for notice and having no actual notice of the copyright, the mark would appear merely as an irregular and indistinct blur upon the paper, such as frequently occurs accidentally in newspaper prints. Without notice these blurred and indistinct impressions would not convey to any one's mind the fact that they were intended for the letter "C" inclosed within a circle, thus: © , as prescribed by section 18 of the Copyright Act of March 4, 1909. In view of present knowledge that the complainant's work was copyrighted, it is apparent that, through accident or mistake causing injury to the matrix or stereotyped plate, used in making the print, the blurred, irregular, and indistinct mark was caused to appear in place of the copyright notice for which it was intended. Under these circumstances, under section 20 of the act, the copyright is not invalidated, nor would the complainant's recovery for infringement be prevented if the defendant, after actual notice of the copyright, had begun an undertaking to infringe. There is no evidence in the case that the defendant had actual notice of the copyright, but, on the other hand, it is sufficiently established that it is "an innocent infringer who has been misled by the omission of the notice," as provided in section 20.

Counsel for the complainant contends that there is no "omission," as the notice was present, although in distorted form. As the mark accompanying the picture in the Press does not resemble the letter "C" within a circle, it would not give notice to any one not having notice otherwise, and as the act is explicit as to the form of the notice prescribed, and there is no letter "C" and no circle present, it follows that there was an omission of the prescribed notice.

[2] Under these circumstances, the complainant is not entitled, in view of section 20, to recover damages, and none were proved at the trial. It is apparent from the language of the act, however, that damages alone are excluded from recovery, and not the infringer's profits, as section 25 of the act provides that the person infringing shall be liable (a) to an injunction and (b) to "such *damages* as the copyright proprietor may have suffered due to the infringement, as well as all the *profits* which the infringer shall have made from such infringement." That damages are differentiated from profits further appears, in that the section provides that the complainant shall recover "in lieu of actual damages and profits such damages as to the court shall appear to be just, and in assessing such damages the court may, in its discretion,

allow the amounts as hereinafter stated, *  *  * and such damages shall in no other case exceed the sum of five thousand dollars nor be less than the sum of two hundred and fifty dollars, and shall not be regarded as a penalty." It appears, therefore, that the damages which the court in its discretion may allow are to be "in lieu of actual damages *and* profits."

Inasmuch as section 20 provides that circumstances such as are found in this case "shall prevent the recovery of damages," they preclude the recovery of "such damages as to the court shall appear to be just" under section 25, as there is no provision that such damages shall be assessed in lieu of profits alone. The distinction between "damages" and "profits" is pointed out in the opinion of Judge Gray in Sharpless v. Lawrence, 213 Fed. 423, 130 C. C. A. 59. Neither does the act provide any minimum or maximum limitation of amount of profits recoverable. They are to consist of "all the profits the infringer shall have made from such infringement." It appears by the proofs that the gross amount realized by the defendant from its sales was $108, and the cost of the 2,500 copies was $67.15, leaving a profit of $40.85.

A decree may be entered in favor of the complainant, for an injunction restraining the infringement, for the payment to the complainant of the profits made by the defendant amounting to $40.85, and its full costs, and requiring the defendant to deliver up on oath for destruction all the infringing copies, as well as all plates, molds, matrices, or other means for making such infringing copies.

[3] Under the circumstances in this case the complainant is entitled to a reasonable attorney's fee as part of the costs under the provisions of section 40 of the act. If in the answer the defendant had admitted that the complainant was entitled to the relief granted herein, as was conceded at the trial, it is questionable whether an attorney's fee would have been allowed. The answer, however, compelled the complainant to sustain by proof its right to any relief whatever.

Under these circumstances, and taking into consideration, on the other hand, that the issues involved are clearly defined and simple, and raise no intricate questions of law, an attorney's fee of $75 is awarded as part of the costs.