PREST–O–LITE CO. v. BOURNONVILLE et ux.

(District Court, D. New Jersey.  March 12, 1915.)

1. TRADE-MARKS AND TRADE-NAMES ⟨⟩98—RECOVERY OF PROFITS ALLOWED ON UNFAIR COMPETITION.

 The injured party is not entitled as of right to recover profits in cases of strictly unfair competition; but a court of equity may upon what seems sufficient grounds, include in its decree an accounting of profits, as well as an award of damages, as punishment for illegal acts.

2. TRADE-MARKS AND TRADE-NAMES ⟨⟩62, 98—ACCOUNTING FOR PROFITS ALLOWED ON INFRINGEMENT AND UNFAIR COMPETITION.

 The refilling and resale of acetylene gas tanks, originally made, filled, and sold by complainant and bearing its trade-mark, "Prest-O-Lite," without obliterating the trade-mark, held not only unfair competition, but also an infringement of the common-law trade-mark, which entitled complainant to an accounting of profits.

In Equity. Suit by the Prest-O-Lite Company against Camille Bournonville and Ida Bournonville, his wife. On motion to modify interlocutory decree. Denied.

See, also, 260 Fed. 440, 446.

---

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Winter & Winter, of New York City, for complainant.
W. P. Preble, of New York City, for defendants.

HAIGHT, District Judge. The defendants seek to have modified that part of the interlocutory decree, entered herein on November 11, 1914, which adjudged that the complainant recover from the defendants all of the profits, gains, and advantages which the latter had derived from the sale of gas cylinders or tanks bearing the trade-mark "Prest-O-Lite," and containing any other material than that prepared and placed therein by the complainant. It is urged that the defendants should respond only for the damages suffered by the complainant, because the basis of the decree was not an infringement of a technical trade-mark, but unfair competition on the part of the defendants. In support of this contention, the recent decision of the Circuit Court of Appeals of the Third Circuit in P. E. Sharpless Co. v. Lawrence, 213 Fed. 423, 130 C. C. A. 59, is relied upon.

At the time the interlocutory decree was settled and signed, no objection was made on behalf of the defendants to an accounting for profits; it apparently being assumed that such was entirely proper, if the acts of the defendants warranted the injunction ordered by the decree. Subsequently the before-mentioned opinion of the Circuit Court of Appeals came to the attention of counsel for the defendant, and then this motion was made.

Defendants' contention, that the decree was made on the theory of unfair competition, is unquestionably correct. As the acts complained of constituted, in the judgment of the court, unfair competition, it was not considered necessary to determine whether the complainant's trade-mark, "Prest-O-Lite" was valid, and whether the defendants' acts were an infringement of it, especially as counsel for the defendant, at the argument, relied entirely upon the authorities cited in the memorandum heretofore filed in this matter. Although this trade-mark had been registered in the Patent Office, it was quite clear that the remedies provided in the Trade-Mark Act of Feb. 20, 1905 (33 Stat. 724, c. 592, § 16 et seq. [Comp. St. § 9501 et seq.]), were not available to the complainant in this suit, because there was no evidence of the use by the defendants of the registered trade-mark in commerce among the several states, or with a foreign nation, or with the Indian tribes.

[1] Whatever may be the rule in other circuits regarding the liability of a wrongdoer to account for profits, in strictly unfair competition cases, as distinguished from cases of infringement of technical trade-marks (see Wolf Bros. v. Hamilton-Brown Shoe Co., 206 Fed. 611, 616, 124 C. C. A. 409, certiorari allowed by Supreme Court 231 U. S. 756, 34 Sup. Ct. 323, 58 L. Ed. 468, and cases there cited), and whatever may have been heretofore considered to be the rule in this circuit (see Rowley v. Rowley, 193 Fed. 390, 113 C. C. A. 386), it is now settled, so far as this circuit is concerned (Sharpless Co. v. Lawrence, supra), that the injured party is not entitled as of right to recover profits in cases of strictly unfair competition, but that in such cases courts of equity "may, upon what seems to them sufficient grounds, include in their decrees an accounting of profits as well as

an award of damages." As to what are considered sufficient grounds, I think, quite clearly appears from the remarks of Judge Gray in the case last cited (213 Fed. 426, 130 C. C. A. 62), viz.:

"It is true, however, as contended by the plaintiffs below, that courts of equity, in granting injunctive relief in cases of unfair competition, have sometimes ,decreed that the plaintiffs should recover of defendant, not only damages, but the profits, gains, and advantages that have accrued to the defendant by reason of his unfair competition. Such an enlargement of the scope of the decree is generally made on the ground that the unfair competition is adjudged to have been willful and fraudulent, and the recovery of profits in such cases is a punitive addition to the ordinary decree of compensatory damages."

It thus appears that profits are allowed, as a punishment for illegal acts. The evidence in the case at bar is quite meager, but I cannot find from it that the acts of the defendant were of such a character as to warrant the imposition of a punishment, other than which follows from compensating the complainant for the losses which it has sustained. It is, however, entirely well settled that, so far as an infringement of a technical trade-mark is concerned, the owner thereof is entitled, not only to protection from further trespass, but to the recovery of all the profits realized by the infringer from the sale of articles under color of the infringing trade-mark, as an incident to and part of his property right. Sharpless Co. v. Lawrence, supra; Rowley v. Rowley, supra. The decree in question is broad enough to protect any infringement of the complainant's trade-mark. That the complainant is the owner of the common-law trade-mark "Prest-O-Lite" and that it is a valid trade-mark, has not been seriously contested, and will be so adjudged in this case.

[2] As the complainant is entitled to an accounting for profits, if there has been an infringement of its trade-mark, and as I have determined that it is not entitled to such an accounting, under the circumstances of this case, for strictly unfair competition, I think it proper to determine whether the defendants' acts did constitute, in addition to unfair competition, an infringement of the trade-mark.

Among the cases cited in the original opinion filed in this matter, it was held in Prest-O-Lite Co. v. Avery Lighting Co. (C. C.) 161 Fed. 648, and in Searchlight Gas Co. v. Prest-O-Lite Co., 215 Fed. 692, 131 C. C. A. 626, and in Prest-O-Lite Co. v. Bogen (C. C.) 209 Fed. 915, that the acts of the respective defendants constituted infringement of the complainant's trade-mark. The acts of the defendants in those cases, as far as can be gathered from the reported opinions, do not materially differ from those of the defendants in this case. The decision of the Circuit Court of Appeals in Prest-O-Lite Co. v. Davis, 215 Fed. 349, 131 C. C. A. 491, seems to proceed upon the theory that the defendants had been guilty of unfair trade. Whether there was an infringement of the trade-mark does not seem to have been considered. It is impossible to ascertain, from the opinion in Prest-O-Lite Co. v. Post & Lester (C. C.) 163 Fed. 63, whether the court proceeded on the theory that the defendant's acts constituted unfair competition or an infringement of a technical trade-mark. It does appear, however, that the decision in the Avery Lighting Company Case was followed.

What the defendants did in the case at bar was to fill tanks bearing

the complainant's trade-mark "Prest-O-Lite," and originally placed on the market by the complainant, with acetylene gas manufactured by them, and either sell or distribute them for sale among automobile supply dealers. It would unquestionably constitute an infringement of the complainant's trade-mark, if the defendants had acquired tanks similar to those of the complainant, had caused to be inscribed thereon the trade-mark "Prest-O-Lite" and had then sold them, filled with gas of their own manufacture. I cannot see that a situation different in principle is presented when they acquired tanks, originally manufactured and put out by the complainants and bearing the trade-mark, filled them, and placed them on the market for sale. The refilling of receptacles on which a trade-mark is inscribed, with a product different from that of the owner of the trade-mark, and offering them for sale, has been quite uniformly held to constitute an infringement of a trade-mark. Van Hoboken v. Mohns & Kaltenbach (C. C.) 112 Fed. 528; Pontefact v. Isenberger (C. C.) 106 Fed. 499; General Electric Co. v. Re-New Lamp Co. (C. C.) 128 Fed. 154.

While there is no evidence in this case that the defendants directly sold the tanks so refilled by them to the automobilists, the evidence is uncontradicted that they did fill them for various automobile dealers, and that the latter sold them to automobilists as genuine "Prest-O-Lite" tanks. I have already found that the defendants had knowledge of the practice of the dealers, and for that matter were actually participants therein. I conclude, therefore, that the defendants' acts, which were the subject of complaint in this suit, constituted not only unfair competition, but also an infringement of the complainant's common-law trade-mark.

It follows from this conclusion that the complainant is entitled to an accounting of the profits realized by the defendants from the refilling and selling of the tanks bearing the complainant's trade-mark, except in cases where they have refilled them directly for automobilists for their individual use. The interlocutory decree is not broad enough to embrace the excepted class.

The motion to modify the decree will therefore be denied.